JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LANDMARK AMERICAN INSURANCE COMPANY, a corporation,

                Landmark,

     v.

TAISEI CONSTRUCTION CORPORATION, a Delaware corporation, and DOES 1-100,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV 16-9169-R

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiff's Motion for Summary Judgment (Dkt. No. 56), which was filed on August 8, 2018.  Having been thoroughly briefed by both parties, this Court took the matter under submission on August 29, 2018.

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  To meet its burden of production, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099 (9th Cir. 2000).  Once the moving party meets its initial burden of showing there is no genuine issue of

1 material fact, the opposing party has the burden of producing competent evidence and cannot rely

2 on mere allegations or denials in the pleadings.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*

3 *Corp.*, 475 U.S. 574 (1986).  Where the record taken as a whole could not lead a rational trier of

4 fact to find for the non-moving party, there is no genuine issue for trial.  *Id.*

5       The following facts are undisputed.  In this case, Plaintiff Landmark American Insurance

6 Company ("Landmark") seeks declaratory relief, recovery of damages for breach of contract, and

7 reimbursement of fees and costs paid for the defense of Taisei in the underlying state court action,

8 *Wilshire Vermont Housing Partners, L.P. v. Taisei Construction Corporation*.  Taisei was an

9 additional insured on two policies, the Valverde Policies and the Insul-Flow Policies (the

10 "Policies"), both of which provide Landmark with "the right and duty to defend the insured

11 [Taisei] against any 'suit' seeking [covered] damages."  The Policies further state that any insured

12 under such Policies must "[c]ooperate with [Landmark] in the investigation or settlement of the

13 claim or defense against the 'suit'" and that "[n]o insured will, except at that insured's own cost,

14 voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid,

15 without our consent."  It is undisputed that Taisei initially agreed to Landmark's appointment of

16 the Lee Firm as defense counsel and that, despite Landmark's contractual right to control the

17 defense, Taisei later demanded that the Lee Firm withdraw.

18       Landmark argues that it is entitled to summary judgment on its causes of action for

19 declaratory relief, breach of contract, and equitable reimbursement.  This Court agrees, and, for

20 the reasons discussed below, grants the Motion for Summary Judgment.

21 **<u>Declaratory Relief</u>**

22       Declaratory relief is proper under 28 U.S.C. §2201(a) in a case of actual controversy

23 between parties having adverse legal interests "of sufficient immediacy and reality to warrant

24 issuance of a declaratory judgment."  *Eureka Fed. Sav. and Loan Ass'n v. American Cas. Co.*, 873

25 F.2d 229, 231(9th Cir. 1989).  Here, the parties dispute coverage under the Policies with respect to

26 the legal counsel afforded the insured.  The underlying litigation is pending, and a dispute remains

27 between the insured Taisei and insurer Landmark.  Given the actual controversy between the

28 parties regarding the right to control legal representation in the midst of litigation proceedings, this

1  Court finds that declaratory relief is appropriate in this matter.

2  The Policies contain a blanket additional insured endorsement that extends coverage to any

3  person or organization that the named insured is obligated by virtue of a written contract or by the

4  issuance or existence of a permit to provide insurance.  Under the Policies, Taisei must

5  "[c]ooperate with [Landmark] in the investigation or settlement of the claim or defense against the

6  'suit'" and may not "voluntarily make a payment, assume any obligation, or incur any expense,

7  other than for first aid, without [Landmark's] consent."

8  Landmark seeks a declaratory judgment from the Court on four matters: (1) pursuant to the

9  Policies, Landmark has the right to control the defense of Taisei in the underlying action; (2)

10  Taisei does not have the right to independent counsel funded by Landmark in the underlying

11  action; (3) Taisei breached its duty to cooperate under the Policies by demanding the Lee Firm

12  withdraw as its counsel in the underlying action; and (4) pursuant to the no-voluntary-payments

13  clause in the Policies, Landmark is not obligated to pay for fees and costs of Taisei's chosen

14  counsel, the Youngerman Firm.

15  Under California law, an insurer's right to control the defense corresponds with the

16  insurer's duty to defend.  *Ticor Title Ins. Co. v. Employers Ins. of Wausau*, 40 Cal. App. 4th 1699,

17  1706 (Cal. Ct. App. 1995).  The language of the Policies establishes that Landmark has the right

18  and duty to defend Taisei in the underlying action, as well as the right to control the defense.

19  Taisei acknowledges that Landmark's reading of the Policies is accurate but argues that (1)

20  Landmark was never deprived of the right to control, and (2) Landmark forfeited the right to

21  control by breaching various duties and obligations owed to Taisei.  However, as discussed below

22  in relation to Landmark's breach of contract claim, Landmark was in fact deprived of the right to

23  control.  Furthermore, Taisei has introduced no facts which would permit a trier of fact to find that

24  Landmark forfeited the right to control.  Accordingly, the Court grants Landmark's claim for

25  declaratory judgment that Landmark has the right to control the defense of Taisei in the underlying

26  action.

27  Landmark next seeks a declaration that Taisei is not entitled to independent counsel at

28  Landmark's expense in the underlying action.  An insurer must provide independent counsel when

3

the insurer has a duty to defend an insured and a conflict of interest arises.  Cal. Civ. Code §2860(a).  Taisei has not introduced any evidence beyond mere speculation that a conflict arose due to Landmark seeking to control the Lee Firm's representation of Taisei.  Landmark was not the only insurance company involved in the underlying litigation.  Moreover, Landmark paid $1.6 million in its share of the defense of Taisei, and Taisei has introduced no facts to show that Landmark did not provide it with a full and complete defense.  This Court finds that there is no conflict of interest and, accordingly, Landmark is entitled to a declaratory judgment that Taisei had no right to independent counsel.

Next, Landmark seeks a declaration that Taisei breached its duty to cooperate under the Policies by demanding the Lee Firm withdraw as its counsel in the underlying action and is no longer entitled to defense under the policy.  Taisei argues in defense (1) that its request that the Lee Firm withdraw was justified, (2) that Landmark did not use reasonable diligence to ensure Taisei's cooperation, (3) that Landmark did not suffer substantial prejudice from Taisei's alleged breach of the duty to cooperate, and (4) that Landmark waived its right to claim breach by agreeing to allow Taisei to be represented by the Youngerman Firm.  Taisei's conclusion that the Lee Firm was not performing adequately was apparently based largely on its position that the Lee Firm was not billing enough in comparison to the two other law firms defending Taisei and on certain reports, budgets, and invoices being sent to the Youngerman firm for transmittal to Taisei rather than to Taisei directly.  Taisei has not claimed that the Lee Firm's work product was inferior or that any of the Firm's conduct during the representation resulted in any prejudice to Taisei.  Nor has Taisei shown that Landmark did not use reasonable diligence to ensure Taisei's cooperation.  Upon hearing Taisei's concerns regarding the representation, the Lee Firm attempted to salvage the relationship but was rejected.  Moreover, Taisei was put on notice of the potential consequences of its failure to cooperate by both the language of the Policies and Landmark's September 2015 letter to Taisei explicitly reserving its rights to disclaim coverage, to withdraw from the defense at any point, and to file an action for declaratory relief and/or reimbursement from Taisei for any and all defense costs paid by Landmark.  This reservation of rights also demonstrates that Landmark did not waive its right to bring a claim for breach of contract or

1    equitable reimbursement.

2         Landmark has demonstrated that it suffered substantial prejudice due to Taisei's failure to

3    cooperate.  Insurers are substantially prejudiced when, before trial, an insured does not allow

4    counsel appointed by the insurer to conduct the defense, or otherwise fails to cooperate with the

5    insurer's defense.  *Cybernet Ventures, Inc. v. Hartford Ins. Co. of the Midwest*, 168 Fed. App'x.

6    850, 852 (9th Cir. 2006) ("Cybernet breached the cooperation clause by failing to turn the defense

7    of the action over to the attorneys selected by Hartford and thereby substantially prejudiced

8    Hartford by denying it the right to defend the action"); *Hall v. Travelers Ins. Companies*, 15 Cal.

9    App. 3d 304, 308-309 (Cal. Ct. App. 1971) ("[P]ossible prejudice from lack of cooperation is not

10   limited to failure to appear at the trial; prejudice may occur before the trial by reason of the failure

11   of the assured to cooperate.").  Accordingly, the Court grants Landmark's claim for declaratory

12   judgment that Taisei breached its duty to cooperate under the Policies by demanding the Lee Firm

13   withdraw as its counsel in the underlying action and is no longer entitled to defense under the

14   policy.

15        Finally, Landmark seeks a declaration that it is not required to pay for any fees generated

16   by Taisei's counsel other than those generated by the Lee Firm.  The insurance Policies contain a

17   "no-voluntary-payments" provision which state that Landmark is not responsible for payments

18   made by the insured without Landmark's consent.  "The no-voluntary-payment provision is based

19   on the equitable rule that 'the insurer [is invested] with the complete control and direction of the

20   defense' and is thus not liable for any voluntary payments, expenses, or other obligations assumed

21   by the insured without the insurer's consent." *Truck Ins. Exch. v. Unigard Ins. Co.*, 79 Cal. App.

22   4th 966, 981 (Cal. Ct. App. 2000) (quoting *Gribaldo*, *Jacobs, Jones & Associates v. Agrippina

23   Versicherunges A.G.*, 3 Cal.3d 434, 449 (1970)).  Thus, the Court grants Landmark's claim for

24   declaratory judgment that Landmark is not obligated under the Policies to pay for Taisei's legal

25   expenses aside from those incurred by the Lee Firm.

26   **Breach of Contract**

27        To prevail on a cause of action for breach of contract, Landmark must prove (1) the

28   existence of a contract, (2) that Landmark performed under that contract or was otherwise excused

from performance, (3) that Taisei breached the contract, and (4) resulting harm to Landmark.  *See Reichert v. General Ins. Co. of America*, 68 Cal. 2d 822, 830 (1968).  Here, the existence of a contract in the form of each of the Policies is not disputed.  Taisei's arguments that it did not breach the contract and that Landmark failed to perform have been addressed and dismissed above.  Taisei's contention that Landmark cannot prove damages also fails.  Landmark's damages are the fees, costs, and expenses that Landmark paid for the defense of Taisei after July 20, 2015, the date Taisei breached its duty to cooperate when it requested that the Lee Firm withdraw.  This is asserted in Landmark's Complaint, initial disclosures, and supplemental initial disclosures.  Taisei's claim that witness Lorraine Merritt testified in her deposition that she did not know how much Landmark paid for fees and costs for the defense of Taisei is simply untrue.  Merritt's deposition transcript shows that she testified that Landmark paid between $800,000 and $900,000 to Youngerman after the Lee Firm withdrew, which is consistent with Landmark's own assertions.

Therefore, this Court is left with no genuine issue of material fact upon which to deny Landmark's Motion for Summary Judgment as to its breach of contract cause of action.  Landmark had a duty to defend Taisei, and Taisei had a duty to cooperate with Landmark in that defense.  By demanding that the Lee Firm withdraw from the representation, Taisei breached the duty to cooperate.  As a result, Landmark was substantially prejudiced in that it was materially unable to defend Taisei as it had a right and obligation to do under the Policies.  Landmark has met its burden of showing that no genuine issue of material fact exists, and Taisei has failed to offer any competent evidence to the contrary.  Thus, summary judgment is granted as to Landmark's breach of contract cause of action.

**Equitable Reimbursement**

Landmark is entitled to equitable reimbursement for monies paid by Landmark for the defense of Taisei after Taisei instructed the Lee Firm to withdraw.  An insurer has the duty to defend an action in its entirety even if there are portions of the action which it would not cover.  *Buss v. Superior Court*, 16 Cal. 4th 35, 48 (1997).  However, the insurer becomes entitled to reimbursement from its insured for costs not covered by the policy after the insurer's duty to defend ends.  *Id.* at 57-59.  Taisei breached the Policies by refusing to cooperate, and that breach

extinguished all obligations of Landmark under the policies, thereby entitling Landmark to reimbursement of any sums incurred after the breach.  As discussed above, Landmark expressly reserved its right to later seek reimbursement, and it has produced evidence sufficient to prove damages.  There being no genuine dispute of material fact, this Court finds that Landmark is entitled to summary judgment as a matter of law on its cause of action for equitable reimbursement.

**IT IS HEREBY ORDERED** that Landmark's Motion for Summary Judgment is GRANTED.  (Dkt. No. 56).

Dated: September 13, 2018.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE